IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DESHAUN STATEN,

                Plaintiff,                    OPINION AND ORDER

   v.

                                                   19-cv-512-wmc

JOLINDA WATERMAN, SONYA ANDERSON,
ASHLEY DRONE, SANDRA MCARDLE,
BETH EDGE, MICHAEL KEMERMLING,
TAMMY WEST, REBECCA TRACY,
DANE ESSER, ERIC BEARCE,
SCOTT BROADBENT, MATTHEW MUTIVA,
JASON GODFREY, DUSTIN JAYNES,
MARK KARTMAN, JACOB SALMON,
REBECCA EAGLEBURGER, ERICA COLLINS,
MATTHEW PECKHAM and SHAWN GALLINGER,

                Defendants.

*Pro se* plaintiff Deshaun Staten filed this lawsuit under 42 U.S.C. § 1983, against nurses and guards working at the Wisconsin Secure Program Facility ("WSPF"), where he was previously incarcerated. In particular, Staten is proceeding on claims that defendants -- 20 current or former WSPF employees -- violated his federal constitutional and state law rights in 2018, by using excessive force during cell extractions, showing deliberate indifference to his healthcare needs, and retaliating against him for complaining about the mistreatment. All defendants except for McArdle are represented by the Wisconsin Department of Justice ("State Defendants") and have jointly filed a motion for partial summary judgment on the ground that Staten failed to exhaust his administrative remedies with respect to all but one claim in this lawsuit. (Dkt. #65.) Defendant McArdle also seeks summary judgment on the same ground. (Dkt. #68.) Since defendants have

submitted undisputed evidence establishing that Staten failed to follow the exhaustion procedures for all of his claims in this lawsuit except for one (his Eighth Amendment claim against defendant Jolinda Waterman), the court is granting both summary judgment motions and dismissing all defendants from lawsuit except for Waterman.

OPINION

Prisoners may not bring a federal claim about events in prison "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In other words, a prisoner must follow all the prison's rules for completing the grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This includes: (1) compliance with instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all available appeals "in the place, and at the time, the prison administrative rules require," *Pozo*, 286 F.3d at 1025. *See also Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

This exhaustion requirement is mandatory to afford prison administrators a fair opportunity to resolve a grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). However, a prisoner's failure to exhaust constitutes an affirmative defense, which defendant must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In Wisconsin, prisoners must begin the exhaustion process by filing a complaint with an institution complaint examiner ("ICE") within 14 days after the incident giving

2

rise to the complaint. Wis. Admin. Code § DOC 310.07(2). Among other requirements, a complaint must contain only one, clearly identified issue, as well as sufficient information for the department to investigate and decide the complaint. *Id.* § 310.07(5)-(6). ICE may reject a complaint for specified reasons, including the failure to provide sufficient information. *Id*. § 310.10(6). If ICE rejects the complaint, then the prisoner may appeal the rejection to the appropriate reviewing authority within 10 days. *Id*. § 310.10(10). If ICE accepts the complaint, then a recommendation is made to the reviewing authority, who in turn renders a decision. *Id*. §§ 310.10(12), 310.11. If that decision is unfavorable, then the prisoner may appeal to the corrections complaint examiner ("CCE") within 14 days, unless good cause is shown for an untimely appeal. *Id*. § 310.12(1), (6). CCE then makes a recommendation to the DOC Secretary, who will take final action on the complaint. *Id*. § 310.13.

Staten is proceeding on the following claims related to events that occurred at WSPF in 2018:

- Eighth Amendment deliberate indifference and Wisconsin negligence claims against defendants Jolinda Waterman, Sonya Anderson, Ashley Drone, Sandra McArdle, Michael Kemerling, Beth Edge, Rebecca Tracy and Tammy West, arising from Staten's allegations that these defendants conducted his blood draws and tube feedings in a manner that consciously disregarded his health and safety.

- Eighth Amendment excessive force and Wisconsin negligence claims against defendants Dane Esser, Eric Bearce, Scott Broadbent, Matthew Mutiva, Jason Godfrey, Dustin Jaynes, Jacob Salmon, Rebecca Eagleburger, Erica Collins, Matthew Peckham and Shawn Gallinger, based on Staten's allegations that these defendants used force intended to harm Staten during cell extractions related to those blood draws and tube feedings.

- First Amendment retaliation claim against defendant Waterman, arising from

3

Staten's allegation that she denied him care and changed his mental health rating, to punish him for filing a lawsuit and complaining about his medical care.

Staten filed six inmate complaints related to those events, which were resolved as follows:

1. **WSPF-2018-2743:** Staten alleged that his tube feedings needed to be conducted by a doctor. WSPF's ICE received this complaint on January 31, 2018, the reviewing authority dismissed the complaint on March 2, 2018, and Staten did not appeal the dismissal.

2. **WSPF-2018-3887:** Staten alleged that the HSU was not following a court order regarding his tube feedings. The complaint was received on February 14, 2018, and on March 9, 2018, the reviewing authority dismissed the complaint. Staten did not appeal the dismissal.

3. **WSPF-2018-5517:** Staten alleged that Waterman "put a hole in his arm" during a February 28, 2018, blood draw. The reviewing authority dismissed the complaint on April 2, 2018, Staten timely appealed the dismissal, and on May 3, 2018, the CCE dismissed the appeal.

4. **WSPF-2018-11214:** Staten alleged that Waterman was "reckless" in the HSU and placed a hole in his arm. On May 22, 2018, the ICE rejected the complaint as previously addressed through the ICRS, and Staten did not appeal the rejection.

5. **WSPF-2018-16852:** Staten alleged that several staff members used excessive force against him on August 6, 2018, when he was being placed in a restraint bed. The reviewing authority dismissed the complaint on August 22, 2018, and

Staten did not appeal.

6. **WSPF-2018-17186:**   Staten repeated his claim about excessive force from August 6, 2018.  The ICE rejected the complaint on August 21, 2018, as having been addressed through the ICRS, and Staten did not appeal the rejection.

The State Defendants concede that Staten properly exhausted his Eighth Amendment claim against Waterman related to the February 27, 2018, blood draw through WSPF-2018-5517, but assert, as to the balance of his claims against them, that Staten either did not follow all the procedures necessary or completely failed to file an inmate complaint.  The State Defendants further maintain that WSPF-2018-5517 did not serve to exhaust Staten's retaliation claim against Waterman, since that inmate complaint did not identify the protected conduct that was the subject of Waterman's alleged retaliation.  *See Lockett v. Goff*, No. 17-cv-93-JDP, 2017 WL 4083594, at *2 (W.D. Wis. Sept. 13, 2017) (to exhaust a retaliation claim, a prisoner must identify the protected conduct and the retaliatory act).  McArdle similarly argues that Staten did not exhaust his administrative remedies with respect to his Eighth Amendment claim against her related to the blood draws and tube feedings.

In opposition, Staten does not dispute that he did not complete the exhaustion procedures for all but the one claim against Waterman.  Rather, he appears to claim that his placement in observation status and medicated mental state during the time period he was pursuing these inmate complaints prevented him from following all the procedures necessary to exhaust his claims in this lawsuit.  In fairness, inmates are required to exhaust only those administrative remedies that are available to them, and the exhaustion process

may become unavailable when prison staff prevent an inmate from accessing those procedures. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."). Yet Staten does not provide *any* dates or times when his placement or conditions of confinement prevented him from accessing the resources necessary for him to follow the exhaustion procedures, and his vague representations are insufficient to create a genuine dispute of fact as to whether the exhaustion procedures were available to him. *Schultz v. Pugh*, 728 F.3d 619, 620 (7th Cir. 2013) (summary judgment was appropriate in favor of defendants because plaintiff failed to provide details about why he was unable to exhaust his administrative remedies); *see also Dale v. Lappin*, 376 F.3d 652, 655-56 (7th Cir. 2004) (explaining that prisoner who identified the prison employees from whom he requested exhaustion forms, as well as the form he requested, provided sufficient detail to create a genuine dispute of fact related to the availability of the exhaustion procedures).

Nor does Staten square his claimed inability to appeal his dismissed inmate complaints with his clear ability to properly submit *six* inmate complaints between January and August of 2018. Instead, he implores the court not to dismiss his claims in this lawsuit because he clearly needed assistance to properly exhaust his claims. However, Staten does not go as far as representing that he was actually confused by the exhaustion procedures in early 2018 when he was filing his inmate complaints, and such an argument would have no traction in these circumstances, given Staten's demonstrated ability to (1) complete the exhaustion process with respect to his Eighth Amendment claim against Waterman, and

6

(2) initiate the exhaustion process by filing numerous inmate complaints. Finally, it is unclear why, but Staten also attaches two inmate complaints he submitted in 2020 at his current institution, related to claims that he has been denied medical care. (*See* dkt. ##71-1, 71-2.) These documents do not suggest that Staten exhausted his administrative remedies with respect to his claims in this lawsuit, all of which occurred in 2018.

Accordingly, the State Defendants and McArdle have successfully proven non-exhaustion as to all of Staten's claims in this lawsuit, except for his Eighth Amendment deliberate indifference claim against Waterman, arising from the February 27, 2018, blood draw. Those unexhausted Eighth and First Amendment claims will be dismissed without prejudice, *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal for failure to exhaust is always without prejudice), although the dismissals will likely function as with prejudice, given that Staten almost certainly cannot complete the exhaustion procedures now. The court further will relinquish jurisdiction over Staten's supplemental state law claims, which will also be dismissed without prejudice. *See* 28 U.S.C. § 1367(c); *Burritt v. Ditfelson*, 807 F.3d 239, 252 (7th Cir. 2015) (absent good grounds, district courts should relinquish supplemental jurisdiction over state law claims once federal claims are dismissed).

ORDER

IT IS ORDERED that:

1) The State Defendants' motion for partial summary judgment (dkt. #65) is GRANTED. Plaintiff's Eighth and First Amendment claims against defendants Tammy West, Sonya Anderson, Schott Broadbent, Shawn Gallinger, Jason Godfrey, Matthew Peckham, Eric Bearce, Beth Edge, Rebecca Eagleburger, Mike Kemerling, Erica Collins, Dustin Jaynes, Dane Esser, Ashley Drone, Jacob

7

Salmon, Matthew Mutiva and Rebecca Tracy-Feldman are DISMISSED without prejudice. Plaintiff's Eighth Amendment deliberate indifference and negligence claims against defendant Waterman for events *other than the February 27, 2018, blood draw*, as well as plaintiff's First Amendment retaliation claim against Waterman are DISMISSED without prejudice.

2) Defendants Tammy West, Sonya Anderson, Schott Broadbent, Shawn Gallinger, Jason Godfrey, Matthew Peckham, Eric Bearce, Beth Edge, Rebecca Eagleburger, Mike Kemerling, Erica Collins, Dustin Jaynes, Dane Esser, Ashley Drone, Jacob Salmon, Matthew Mutiva and Rebecca Tracy-Feldman are DISMISSED from this lawsuit.

3) Defendant Sandra McArdle's motion for summary judgment (dkt. #68) is GRANTED. Plaintiff's Eighth Amendment and negligence claims against defendant McArdle are also DISMISSED without prejudice, and she is DISMISSED from this lawsuit.

4) Plaintiff's remaining claims in this lawsuit are: Eighth Amendment deliberate indifference and Wisconsin negligence claims against defendant Jolinda Waterman, for her handling of the February 27, 2018, blood draw.

Entered this 3rd day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge